MAY 30 1984

PATRICIA D.
CLERK OF THE PANEL

DOCKET NO. 592

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SIOUX LTD. SECURITIES LITIGATION

TRANSFER ORDER*

   This litigation presently consists of three actions: one action each in the District of Minnesota, the Northern District of Alabama and the Northern District of Illinois. Before the Panel is a motion by the Minnesota plaintiffs to transfer, pursuant to 28 U.S.C. §1407, the Alabama and Illinois actions to the District of Minnesota for coordinated or consolidated pretrial proceedings with the action pending there. The Illinois and Alabama plaintiffs concur with the Section 1407 motion. The three primary defendants and eight of the nine third-party defendants oppose transfer; in the alternative, most of these opponents request that the actions be centralized in the Southern District of Texas.

   On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions before the Panel arise out of the purchase of interests in a Texas limited partnership, Sioux 1980-A Ltd. (Sioux Ltd.), by investors solicited by Prudential-Bache Security, Inc. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

   We are persuaded that the Southern District of Texas is the appropriate transferee forum for this litigation because most of the relevant documents and witnesses are located there. We note that 1) Sioux Ltd. was a Texas concern; 2) Sioux Ltd.'s general partner, Sioux Natural Gas Corporation (Sioux), and Sioux's parent corporation, Rapada Corporation (Rapada), as well as five third-party defendants who were principal officers of Sioux are found in Texas; 3) all other third-party defendants, including two law firms, a petroleum consulting firm and an accounting firm which issued legal opinions or performed work related to Sioux's financial condition and/or experience in oil and gas exploration, are situated there; and 4) documents relevant to this litigation are presently under the control of the court in the Southern District of Texas in connection with bankruptcy matters involving Rapada and Sioux.

---

* Judges Robert H. Schnacke and Sam C. Pointer, Jr. took no part in the decision of this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Norman W. Black for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

_Andrew A. Caffrey_
Andrew A. Caffrey
Chairman

Schedule A

<u>MDL-592 -- In re Sioux Ltd. Securities Litigation</u>

<u>Northern District of Alabama</u>

<u>Edward L. Nemeth v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. CV83-G - 1993S

<u>Northern District of Illinois</u>

<u>Donald S. Dawson, et al. v. Prudential Bache Securities, Inc., et al.</u>, C.A. No. 83-C-6991

<u>District of Minnesota</u>

<u>Metro Property Management Co., et al. v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 4-83-562